David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Audree Renee Osborn,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **Experian Information Solutions, Inc.; Wells Fargo Bank, National Association; and Arizona Public Service Company,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair

the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. AUDREE RENEE OSBORN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), WELLS FARGO BANK, NATIONAL ASSOCIATION ("Wells Fargo"), and ARIZONA PUBLIC SERVICE COMPANY ("APS") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Equifax is a foreign limited liability company doing business in the State of Arizona.

13. Defendant Wells Fargo is a bank doing business in the State of Arizona.

14. Defendant APS is a utility company doing business in the State of Arizona.

15. Defendants Wells Fargo and APS are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.
16. Defendant Equifax is a national credit reporting agency, doing business in Arizona, with a principal place of business in Georgia.

### GENERAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of Arizona.
18. At all times relevant, Defendants conducted business in the State of Arizona.
19. On or about June 13, 2011, Plaintiff filed for a Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Arizona in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 2:11-bk-17044-MCW (the "Bankruptcy").
20. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.
21. On or about August 8, 2014, Plaintiff received a Bankruptcy discharge.
22. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
23. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.
24. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.
25. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

26. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

27. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

28. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start".

### Wells Fargo Misreported Credit Information

29. In an Equifax credit report dated August 11, 2015, Wells Fargo reported the following inaccurate, derogatory information:

- Account No. 5023158132743****: Post-bankruptcy information for the following dates: July 2011 (90 days past due); August 2011 (Voluntarily Surrendered); September 2011 (Charge Off); Status: "Closed. $4,583 written off."; Account History: "Charge Off as of Sep 2011, Voluntarily Surrendered as of Aug 2011, 90 days past due as of Jul 2011."

30. Wells Fargo should not have reported derogatory information on Plaintiff's account after June 13, 2011, because Plaintiff filed for Bankruptcy on June 13, 2011.

31. On or about August 27, 2015, Plaintiff disputed Wells Fargo's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Wells Fargo.

32. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #5023158132743****: This account was discharged in my Bankruptcy which was filed on 06/13/2011 and discharged 08/04/2014, bearing Case No. 2:11-bk-17044-MCW in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: July 2011 (90 days past due); August 2011 (Voluntarily Surrendered); Status: "Closed. $4,583 written off." This is incorrect.; Account History: "Charge Off as of Sep 2011." This is incorrect.

33. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from my credit report. The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 06/13/2011, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in

**COMPLAINT** 6

my credit report of all of the disputed information contained in this letter regarding this account.

34. Upon information and belief, Equifax timely notified Wells Fargo of Plaintiff's dispute, but Wells Fargo continued reporting derogatory information.

35. Wells Fargo and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

36. On or about October 15, 2015, Plaintiff received notification from Equifax that Wells Fargo and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified the account had been updated.

37. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Wells Fargo and Equifax simply left derogatory information on Plaintiff's report. Specifically, Wells Fargo and Equifax reported the following inaccurate, derogatory information:

- Account #5023158132743****: Post-bankruptcy information for the following dates: March 2012 (Charge Off).

38. Wells Fargo and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

39. Wells Fargo and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

40. Due to Wells Fargo and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C.

§ 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

41. Plaintiff's continued efforts to correct Wells Fargo and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Wells Fargo and Equifax were fruitless.

42. Wells Fargo and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

43. Wells Fargo and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

44. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Wells Fargo and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## APS Misreported Credit Information

45. In an Equifax credit report dated August 11, 2015, APS reported the following inaccurate, derogatory information:

- Account No. 95405****: Status: Account charged off, written off. $1,079; July 2011-June 2015 (Charge Off); August 2013-May 2015 (Account Balance showing of $1,079).

46. APS should not have reported derogatory information on Plaintiff's account after June 13, 2011, because Plaintiff filed for Bankruptcy on June 13, 2011.

47. On or about August 27, 2015, Plaintiff disputed APS's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by APS.

COMPLAINT 8

48. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 06/13/2011 and discharged 08/04/2014, bearing Case No. 2:11-bk-17044-MCW in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: July 2011-December 2013, February 2014-March 2015, May 2015-June 2015 (Charge Off); Pay status: Charged Off; Remarks: Unpaid Balance Charged Off.

49. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 06/13/2011, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

50. Upon information and belief, Equifax timely notified APS of Plaintiff's dispute, but APS continued reporting derogatory information.

51. APS and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

52. On or about October 15, 2015, Plaintiff received notification from Equifax that APS and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified that historical account information was deleted and the account was updated.

53. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, APS and Equifax simply left derogatory information on Plaintiff's report.  Specifically, APS and Equifax reported the following inaccurate, derogatory information:

- Account #95405****: Post-bankruptcy information for the following dates: July 2011-July 2014 (Charge Off); Status: Paid. Closed. $1,079 written off.

54. APS and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

55. APS and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

56. Due to APS and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

57. Plaintiff's continued efforts to correct APS and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with APS and Equifax were fruitless.
58. APS and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.
59. APS and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.
60. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, APS and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
62. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
63. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

64. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 28, 2015                    Respectfully submitted,

                                            BY: /S/ RYAN L. MCBRIDE
                                            RYAN L. MCBRIDE, ESQ.
                                            ATTORNEY FOR PLAINTIFF